### GRIGSBY v. EARLE et al.

(Court of Civil Appeals of Texas. Texarkana. June 1, 1911.)

BOUNDARIES (§ 3*)—SURVEYS—LOCATION OF LINES ON THE GROUND.

A survey actually made on the ground, by starting from a fixed corner designated in a call for a survey, controls the calls in the field notes when it can be identified on the ground, and a claimant may not pass beyond the actual survey.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 3–41; Dec. Dig. § 3.*]

Error from District Court, Clay County; A. H. Carrigan, Judge.

Action by Vienna Grigsby against J. P. Earle and others. There was a judgment for defendants, and plaintiff brings error. Affirmed.

Taylor & Jones, for plaintiff in error. P. M. Stine and Wantland & Parish, for defendants in error.

HODGES, J. This is an action in the form of trespass to try title, instituted by the plaintiff in error to recover a tract of land of 139 varas by 804 varas situated near the city of Henrietta in Clay county. Some of the defendants in error disclaimed as to all of

the land sued for. Defendant in error J. P. Earle disclaimed as to a part of the land described in the petition, and as to the remainder pleaded not guilty. At the conclusion of the evidence, the court instructed the jury to return a verdict in favor of the defendant for that portion which remained in controversy. The giving of that charge is the only error assigned. This peremptory instruction appears to have been based upon the conclusion that the testimony was insufficient to show a title in the plaintiff. The evidence on the part of the plaintiff consisted of: (1) A patent from the state of Texas to L. C. Barrett granting the northwest quarter of section No. 2 of the Texas & New Orleans Railroad Company survey. (2) A deed from L. C. Barrett and wife to Vienna Grigsby, the plaintiff in error, dated April 3, 1876, conveying a tract of land considerably south of that in controversy. (3) A deed from L. C. Barrett to the plaintiff dated the 26th day of October, 1909, purporting to be a deed correcting the field notes of the one above referred to and describing the land as set forth in the petition as "beginning at the southeast corner of section No. 2 in the name of the Texas & New Orleans Railroad Company patented to L. C. Barrett; thence west 139 varas; thence north 804¼ varas; thence east 139 varas to W. B. Worsham's fence; thence south of the said fence 804¼ varas to the beginning." Upon this testimony plaintiff rested. The defendant Earle offered in evidence his own testimony, which shows that while he was county surveyor of Clay county in 1874, acting under the direction of the commissioner of the General Land Office, he made the survey of the Texas & New Orleans Railroad Company survey No. 2 above referred to, and actually ran and located the lines upon the ground. His testimony shows that this was a survey made for the purpose of correcting the field notes of the original Texas & New Orleans Railroad Company survey because of a conflict with older surveys. Upon the field notes of the survey, as made by him and returned to the land office, the land was subsequently patented to Barrett. The field notes as made by Earle are as follows: "Beginning at a stake the N. E. corner of the N. B. Skerrett survey on the west boundary line of the Ambrose Crane survey; thence north with said Crane survey 1,609½ varas corner a stake; thence west 1,964½ varas stake for corner; thence south 1,609½ varas a stake in the north boundary line of said Skerrett survey; thence 1,964½ varas to the place of beginning. Made July 6, 1874." According to the testimony of Earle, the southeast corner of the Skerrett was well established, and from that point he began his survey and constructed the Texas & New Orleans Railroad Company survey No. 2. He established the northeast corner of the Skerrett as the southeast corner of the Texas & New Orleans No. 2, and marked the spot by piling together a lot of buffalo bones. With-

138 S.W.—29

out going into the details of his testimony, he was emphatic and uncontradicted in his statements as to having made the survey and located the west boundary line of the Texas & New Orleans No. 2 just where the defendant in error claims it is. In some respects he is corroborated by the testimony of other surveyors who have since that time gone over portions of the same territory. In rebuttal the plaintiff offered in evidence the testimony of Worsham and Patterson, the latter a surveyor. According to Worsham's testimony, in 1883 he purchased the Crane survey, which lies immediately east of the Texas & New Orleans No. 2. Not knowing where his west boundary line was, he employed Patterson during the same year to locate and mark it on the ground. Patterson testified that he began at what is designated in the field notes as the northeast corner of the Crane survey, and by running course and distance according to the calls in the field notes, testing his lines by some older surveys, he established the west boundary of the Crane at the point where the plaintiff in error now claims it to be. Worsham thereafter built his fence, the one called for in the field notes set out in the plaintiff's original petition, 20 feet east of the line located for him by Patterson. He left that 20 feet for a public road.

The question directly in issue is: Where is the east boundary line of the Texas & New Orleans Railroad Company section No. 2? The west boundary of the Crane is unimportant, except as an aid in locating the former. The plaintiff in error has shown no title from the state east of the Texas & New Orleans east line. The testimony of both Patterson and Worsham tends only to show where the Crane line is, and is not in conflict with that of Earle, unless it must be said that the west line of the Crane is also the east line of the Texas & New Orleans. Such, however, would seem to be the clear inference from the calls in the field notes of the latter survey prepared and filed in the General Land Office by Earle at the time he made the resurvey in 1874. But those field notes also call for the northeast corner of the Skerrett as the beginning point. This corner, according to the undisputed evidence, is where the defendant claims it to be—about 139 varas west of the Crane line as marked by Patterson. Where a survey has actually been made upon the ground, if it can be found and identified, that will control. Fulton v. Frandolig, 63 Tex. 332; Ayers v. Lancaster, 64 Tex. 312. Unless the testimony of Earle is to be rejected, the evidence unequivocally shows that plaintiff's line stops where the defendant claims it does, and she has no title to the land in dispute.

The fact that Worsham for years regarded the line as run by Patterson as his west line is not in conflict with what Earle testifies. There was no dispute between Worsham and any adjacent owner or claimant as to where that line should be; nor is it essential to sus-

tain the verdict here rendered that his line be extended still farther west. Plaintiff is not entitled to pass the actual survey made upon the ground in order to go to the Crane line.

The judgment of the district court is affirmed.